UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

HERMAN CARLEE McMILLIAN,

              Plaintiff,

      -against-

THE STATE OF NEW YORK DEPARTMENT
OF CORRECTIONS SUPT  NAPOLLI;
CORRECTION OFFICER ROZELL;
CORRECTION OFFICER BELLOMA;
DEPUTY WARDEN CLOVIN,

              Defendants.
-----------------------------------------------------X

**TRANSFER ORDER**

09-CV-5272 (JG) (LB)

**BLOOM, United States Magistrate Judge**:

Plaintiff Herman C. McMillian, a prisoner at Southport Correctional Facility, brings this action *pro se* pursuant to 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights. For the reasons set forth below, the Court transfers the complaint and the accompanying leave-to-file request to the United States District Court for the Western District of New York.

## PLAINTIFF'S LITIGATION HISTORY

Plaintiff is a frequent litigant in this district,[1] and by order dated September 1, 2005, the Court barred him from filing any *in forma pauperis* complaint unless he could demonstrate that he is under imminent danger of serious physical injury. See In re request for leave to file by Herman Carlee McMillian, No. 05-MC-197 (JG), slip op. at 2 (E.D.N.Y. Sept. 1, 2005) (citing 28 U.S.C. § 1915(g)). Since the bar order was entered, the Court has denied dozens of leave requests for leave to file *in forma pauperis* civil rights complaints and occasionally transferred requests for leave to file to the United States District Court for the Western and Northern Districts of New York.

---

[1]Plaintiff has submitted sixty-four actions in the last ten years.

Plaintiff now submits the instant motion requesting leave to file this complaint pursuant 42 U.S.C. § 1983.

## VENUE

Plaintiff's claims appear to arise from his confinement at Southport Correctional Facility which is located in Chemung County in the Western District of New York. Plaintiff alleges in his complaint that his constitutional rights have been violated throughout his incarceration, most recently at Southport Correctional Facility. In particular, he references incidents at Southport in which he was deprived of a shower on April 20, 2009 and an incident on June 30, 2009 during which, he alleges, he was assaulted by correction officer Rozell and placed into segregation. In support of the instant motion for leave to file, plaintiff attempts to demonstrate that he is under imminent danger of serious physical injury by describing these incidents, stating additionally that he has been in protective custody since 2004 and that he has been placed in "SHU" for twelve months.

It is unclear why plaintiff continues to file in the Eastern District of New York. The Court surmises that he may be subject to a filing injunction or restrictions under 42 U.S.C. § 1915(g) in the Western District of New York as well. Pursuant to the venue provision governing federal question jurisdiction, this action must be filed in the judicial district where defendants reside or where a substantial part of the events or omissions giving rise to the claim occurred. See 28 U.S.C. §1391(b). Here, none of the events alleged in the complaint occurred within the Eastern District of New York. Rather, defendants are located at Southport Correctional Facility and a substantial part of the events giving rise to the claims occurred at Southport Correctional Facility which is located in the Western District of New York.

## CONCLUSION

Leave to file in this district is denied. However, in an abundance of caution, this case is transferred to the United States District Court for the Western District of New York. See 28 U.S.C. §§ 112(d); 1406(a) (district court may transfer case filed in the wrong district to any district in which it could have been brought).

The Court offers no opinion on the merits of this action or plaintiff's request for leave to file. Any ruling on *in forma pauperis* and enforcement of the provisions of the Prison Litigation Reform Act is reserved for the transferee court.

That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a five-day delay is waived. Summonses shall not issue from this Court. The Clerk of Court is directed to close this case.

SO ORDERED.

/S/

LOIS BLOOM
United States Magistrate Judge

Dated: December 7 , 2009
Brooklyn, New York

3